[Civil No. 1612.    Filed February 1, 1919.]

[177 Pac. 932.]

EDWARD G. BELKNAP, Appellant, v. GEORGE W. P.
HUNT, SIDNEY P. OSBORN, WILEY E. JONES,
MIT SIMS and J. C. CALLAGHAN, Constituting the
State Land Department of the State of Arizona, and
W. A. MOEUR, State Land Commissioner of the State
of Arizona, Appellees.

1. APPEAL AND ERROR—MOOT QUESTIONS.—If parties pending appeal
settle their differences, the court will not proceed to determine the
case, but will dismiss appeal.

2. MANDAMUS—PUBLIC LAND—RECOVERY OF MONEY PAID UNDER PRO-
TEST.—Where plaintiff at public sale bid in school land, but land
commissioners refused to issue certificate until he should pay accrued
rent, whereupon he brought *mandamus* to compel issue of certificate,
but afterwards he paid rent under protest, *mandamus* must be dis-
missed; *mandamus* not being a remedy by which money paid under
protest can be recovered.

APPEAL from a judgment of the Superior Court of the
county of Maricopa denying writ of *mandamus*. Frank O.
Smith, Judge. Case dismissed, with costs taxed against
appellant.

Messrs. Bullard & Jacobs, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. George W.
Harben, Assistant Attorney General, for Appellees.

PER CURIAM.—The appellant, Belknap, brought suit in
*mandamus* against the appellees, constituting the state land
department and the state land commissioner, to compel them
to enter into a contract of sale to him of 29.5 acres of school
land, the same being a part of section 16, situate in Mari-
copa county. The complaint shows that both the land and
improvements had been appraised as provided by law, and
that the appellant, at a public sale of the land, had bidden
it in at the appraised value; and that appellees refused to
execute the contract of sale and issue the certificate of pur-
chase until and unless appellant would pay to the state a

balance of rent for the use and occupation of the land during the interim from the date of admission to statehood, February 14, 1912, to the date the land was struck off to appellant, August 19, 1916.

Judgment refusing the writ was entered in the superior court of Maricopa county on May 7, 1917.

It has come to our knowledge that appellant, on July 17, 1917, paid the rental demanded of him by appellees and received the certificate of purchase. In other words, he settled the question of rent by paying it and received his contract of purchase. Of course, this court would not issue a mandate to appellees commanding them to do what has already been done. The litigation having been settled, there is nothing left for this court to decide. Appellate jurisdiction is dependent upon an actual controversy. If the parties, pending an appeal, compromise and settle their differences, there is nothing left for the judgment to operate upon and the court, when advised of the situation, will not do the futile thing of determining what the litigants have already settled. 3 C. J. 357, § 112; *Mills* v. *Green,* 159 U. S. 651, 653, 40 L. Ed. 293, 16 Sup. Ct. Rep. 132.

The attorneys for the parties have declined to take action toward a dismissal of the appeal because of an oral stipulation entered into prior to the payment of the rental in question. The Attorney General's office, as attorney for appellees, stipulated orally that, in case the appellant should pay the rent in question under protest, no advantage would be taken in this appeal because of such payment so made. We can see no good reason why this court in this particular case and special circumstances should not regard the counsel's said stipulation in the same light as counsel regard it, and treat the said stipulation as having the same force and effect as a written stipulation containing the same facts and conditions filed in this case. So treated, the fact conclusively appears therefrom, that all matters of controversy in this appeal between the parties have been settled, and, if any differences exist, such differences have arisen since the appeal by reason of the said payment under protest. *Mandamus* is not a remedy by which money paid under protest, in the circumstances here present, can be recovered.

The appeal is dismissed, with costs taxed against appellant.