[Civil No. 1629. Filed March 31, 1919.]

[179 Pac. 640.]

O. GIBSON, Appellant, v. THE BOARD OF SUPER-VISORS OF COCHISE COUNTY, ARIZONA, and VANCE JOHNSON, J. M. SPARKS and JOHN ROCK, Appellees.

1. APPEAL AND ERROR—WANT OF ACTUAL CONTROVERSY—MOOT QUESTIONS.—Where, after appeal was taken in proceedings to prevent submitting the question of county seat removal to the electors on ground of unconstitutionality of the county seat removal act (Laws 1915, c. 5), an election was held, at which the county electors voted against removal and in appellant's favor, the appeal will be dismissed, especially in view of section 17 of the act, providing that the question of removal cannot be again submitted within six years.

2. EVIDENCE—JUDICIAL NOTICE—ELECTIONS.—The court will take judicial notice that at a general election the question of county seat removal was submitted to the electors of a county and was voted upon by them.

3. PROHIBITION—ACTS OF BOARD OF SUPERVISORS—PREMATURE APPLICATION.—Where all that was done by the board of supervisors at time of filing an application for writ to prohibit the consideration of a petition for county seat removal and to submit that question to the voters was to notice the hearing upon such petition; the application was premature; the mere apprehension that the board might act without jurisdiction being insufficient to support a writ of prohibition.

4. APPEAL AND ERROR—REVIEW—MOOT QUESTIONS—COSTS.—The rule as to dismissal of moot questions is not altered by the fact that questions of costs are involved.

APPEAL from an order of the Superior Court of the county of Cochise denying a Writ of Prohibition. Frank Baxter, Judge. Appeal dismissed.

Mr. O. Gibson, for Appellant.

Mr. F. M. Doan, Mr. W. P. Miller, Mr. A. M. Sames, and Mr. C. V. Manatt, for Appellees.

ROSS, J.—Appellant sought a writ of prohibition against the appellees as members of the board of supervisors of Cochise county, to prevent and forbid them from hearing a

petition for the removal of the county seat of said county, and from calling an election to submit the question of removal thereat, assigning as a reason why action by the board should not be taken the unconstitutionality of the county seat removal act, to wit, chapter 5, page 5, Regular Session Laws of 1915. The application was made on June 17, 1917, and thereafter, on November 10, 1917, the writ was denied and complaint dismissed. In due course appellant perfected his appeal.

We have come to the conclusion that the appeal ought to be dismissed for the reason that after it was taken, and while it was pending, an election on the question of the removal of the county seat of Cochise county was had, at which the electors of the county declared against the removal. While the record does not show such an election was had, nevertheless we take judicial notice that at the general election in November, 1918, the question of the removal of the county seat was submitted to the electors of the county and was voted upon by them. 16 Cyc. 901.

The relief sought by appellant—that is, the prevention of the removal of the county seat of Cochise county—was effectively settled in his favor at the election. A favorable decision of this court would not afford the appellant any other or further relief, for, by the terms of section 17, chapter 5, *supra*, the question of county seat removal cannot be again submitted for a period of six years from the November, 1918, election.

In 3 C. J. 360, section 115, it is said:

"If, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, or renders a decision unnecessary, the appeal will be dismissed. And the occurrence of such event may be shown by extrinsic evidence or noticed by the court where it is matter of judicial notice." *Belknap* v. *Hunt, ante,* p. 148, 177 Pac. 932.

While we rest our decision upon the fact that the voters have decided the question so that it has become moot, we may say that we, personally if not judicially, know that the appellees as members of the board of supervisors gave a hearing upon the petition here attacked and rejected it as defective and insufficient and themselves refused to call an election thereon. If that fact were properly before us, we might well base our order of dismissal upon it. The mere

apprehension that the board of supervisors might act beyond or in excess of their jurisdiction was not sufficient to support an application for a writ of prohibition. The only thing that had been done by the board at the time of filing suit by appellant was to notice as required by law the hearing upon the petition, and later at the hearing the petition was rejected and the election refused. The application for the writ was therefore premature. Note B in *State* v. *Superior Court,* 111 Am. St. Rep. 925–968; s. c., 40 Wash. 555, 2 L. R. A. (N. S.) 395, 82 Pac. 877.

"The fact that questions of costs are involved does not alter the rule as to the dismissal of moot questions." *Lisman* v. *Knickerbocker Trust Co.,* 211 Fed. 413, 417, 128 C. C. A. 85, 89; *Moores* v. *Moores,* 36 Or. 261, 59 Pac. 327.

The order will be entered dismissing the appeal.

CUNNINGHAM, C. J., and BAKER, J., concur.