[Civil No. 1605.   Filed June 3, 1920.]

[190 Pac. 83.]

## RICHARD V. DEY, Appellant, v. LAUREL CAN-YON MINING COMPANY, a Corporation, Appellee.

APPEAL AND ERROR—APPEAL FROM JUDGMENT FOR DEFENDANT IN POS-SESSORY ACTION DISMISSED AS MOOT.—Appeal from judgment for defendant in possessory action, based on breaches of covenant in lease, will be dismissed on the ground that the case has become moot, by reason of a subsequent action for the same purpose based on breaches of the covenant subsequent to those in the first action, the second action resulting in judgment, which has become final, because unappealed from, that the lease is valid and subsisting, and defendants entitled to possession.

APPEAL from a judgment of the Superior Court of the County of Graham.   A. G. McAlister, Judge. Appeal dismissed.

Mr. Ben C. Hill, Mr. R. W. Sprague, Mr. Frank E. Curley and Mr. E. L. Spriggs, for Appellant.

Mr. John H. Campbell and Mr. L. L. Henry, for Appellee.

ROSS, J.—The appellees have moved for a dismissal of this appeal upon the grounds that the questions involved in this case have become moot by reason of a final judgment in another case between the same parties concerning the same subject matter. The facts upon which the motion is based, more fully stated, are as follows: January 17, 1917, appellant, as plaintiff, instituted this action in the superior court of Graham county against appellees to recover possession of certain mines and improvements thereon, alleging as grounds therefor that appellees had forfeited their lease of premises by breaching certain covenants of the lease.   A trial of the issues resulted

XXI Ariz.—32

in a verdict and judgment in favor of appellees, and thereafter on June 12, 1917, appellant perfected his appeal to this court.

Later, on July 20, 1917, and after the case had been appealed, appellant instituted another action in said superior court under the Landlord and Tenant Act (paragraph 1552, Civ. Code), against appellees to recover possession of the same properties, alleging breaches of the same covenants as in the first action, and also some other breaches. The last action was tried, and resulted, as did the first, in a verdict and judgment in favor of appellees. The judgment in the last case was not appealed, and has therefore become final.

The lease was a working lease and gave an option of sale to appellees. It contained, among others, covenants to pay to lessor certain royalties and to keep mill in continuous operation, and to keep same and other improvements in repair; to work mines in miner-like manner, and to timber where necessary; to pay promptly all debts incurred; to keep property free from liens; and to keep posted on property notices against liens for labor and material. The violation of these covenants in the present case cover the period of time prior to filing the complaint, and the violations in the last case cover the period of time subsequent thereto and up to the filing of the last complaint.

It is all too apparent that the covenants are continuous, and that the two complaints, taken together, allege a continuous breach of those covenants beginning with the inception of performance, and, without interruption, extending down to the time of filing the last complaint. The object of both suits was the same. They were both possessory actions. The effort of appellant was to dispossess the appellees. The facts going to make out his cause of action, and

the wrongs charged against appellees, in both cases were the same, except that they occurred on different dates. In the last case appellant was unable to establish the breaches alleged, and a final judgment, therefore, has forever settled his contentions against him. Paragraph 1552, Civil Code, under which appellant alleges in his complaint he brought the last action, provides that, when a tenant shall neglect to pay his rent for five days after it becomes due, ''or whenever said tenant shall violate any of the provisions of his lease,'' the landlord or lessor ''shall have the right by law to re-enter and take possession of said leased premises for nonpayment of said rent or violation of said lease.'' The judgment in the case was that appellant ''have and recover nothing from his complaint; . . . that the lease . . . is a valid and subsisting lease. . . . Defendants are entitled to the possession of all the properties described in said complaint.''

If this case should be reversed and remanded for a new trial, and that is the order sought, appellant would be confronted with the judgment just quoted, the judgment finally and conclusively settling the rights involved in this case. *Liebuck* v. *Stahle*, 66 Iowa, 749, 24 N. W. 562, was a case somewhat similar in its facts. It was a possessory action for real estate by the landlord against his tenant. The plaintiff was defeated in the first action and appealed. Pending the appeal, he brought another action in which judgment was again given the tenant, from which no appeal was taken. It therefore became final. The court, in sustaining a motion to dismiss the appeal, used this language:

''Both actions were commenced to accomplish the same result. Both were pending at the same time; one on appeal to this court, and the other in the court below. When the second action was commenced the

defendant was bound to appear and defend. Having thus brought the defendant into court and subjected him to the expense of defending, the plaintiff took an appeal in the first action, but he prosecuted the second action to judgment, and he now seeks to prosecute the appeal to this court. By the prosecution of the second action to judgment his right to further prosecute this appeal was waived and lost. It is against the policy of the law that two actions for the same thing, or to accomplish the same result, should be pending at the same time. The plaintiff elected that he would take his chances, and prosecuted the second action to judgment, and he cannot now be permitted to say that it was a mere experiment. He elected which course he would take. Both were open to him, and it is neither right nor just that he should prosecute this appeal, and put the defendant to the cost, trouble, and expense of defending it.''

If the result of the last suit had been favorable to appellant, and he had been awarded possession of the premises, it would hardly be contended that the appeal in this case should not be dismissed on the ground that the question had become a moot one. Because he lost, the question is no less finally settled. There are cases holding that a party may waive the right of appeal that he otherwise would be entitled to by the institution in the same court, or some other court, of a suit to accomplish the same purpose and prosecuting it to final judgment, whether the result be favorable or unfavorable. *City of Versailles* v. *Ross* (Mo.), 208 S. W. 454; *Samuel* v. *Samuel*, 59 Kan. 335, 52 Pac. 889.

The appellant having voluntarily instituted the second suit to accomplish the same purpose as the first, and having prosecuted it to final judgment, it would seem, on principles of right and justice, he should be held to have waived his right to further pursue this appeal. When the question involved in an appeal has become moot, the court, being advised

thereof, will refuse to review it. *Gibson* v. *Board of Supervisors,* 20 Ariz. 222, 179 Pac. 640.

The appeal is dismissed.

CUNNINGHAM, C. J., and' BAKER, J., concur.