344 P.2d 736

STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of State of Arizona IN' AND FOR COUNTY OF PIMA, and Porter Murry, Judge thereof, Respondents.

No. 6879.

Supreme Court of Arizona.

Oct. 8, 1959.

Harry Ackerman, County Atty. of Pima County, by Jack I. Podret, Chief Deputy Atty., Tucson, for petitioner.

Beer, Seaman & Polley, Phoenix, for respondent.

UDALL, Justice.

In an original proceeding initiated in this Court we issued certiorari to the Superior Court of Pima County and Honorable Porter Murry, presiding judge thereof.

The question to be resolved is:

Does a superior court judge have the power to issue an order extending the time in which the record on appeal in a criminal case must be sent to the Clerk of the Supreme Court to a day exceeding 90 days from the date of the filing of the notice of appeal?

The facts giving rise to the problem are: In the criminal case of State of Arizona v. Edward Little, the defendant had been convicted and sentenced on a narcotics violation; motion for new trial was denied and a certificate of probable cause obtained. A notice of appeal was filed on February 26, 1959. On March 16, 1959, the respondent judge entered an order granting defendant an extension of time to April 17, 1959, for transmitting the lower court's record and reporter's transcript on appeal. No question is here raised as to the validity of that order.

Thereafter, on April 17, 1959, the court entered a second similar order which purportedly further extended the time to July 17, 1959, which is 141 days after notice of appeal had been given. The State

contends that the respondent judge was without jurisdiction to extend the time for transmitting the record to this Court beyond 90 days in all. We were therefore asked to annul this last order. If the State's contention is correct, then certiorari is the proper remedy, since an extension order is not itself appealable, and there is no other plain, speedy, and adequate remedy. Duncan v. Truman, 74 Ariz. 328, 248 P.2d 879. Thus the decisive question is whether a proper interpretation of the pertinent statutes and rules of court precludes the issuance of an order such as that here in dispute.

It should be noted that the question is not whether justice required that an extension be granted. The sole question in this proceeding is whether respondent, as a judge of the superior court, had jurisdiction to enter the order.

 Before addressing ourselves to this primary question, we must dispose of a minor point raised by respondent. It is contended the matter now before us has become moot, since this Court subsequently granted the requested extension of time to defendant Little, and therefore respondent says the proceeding must be dismissed. Under most circumstances this posture of things would require the dismissal of the proceeding, since the function of the court is limited to the determination of actual cases and controversies. Hinton v. Hotchkiss, 65 Ariz. 110, 174 P.2d 749; Dey v.

Laurel Canyon Mining Co., 21 Ariz. 497, 190 P. 83. However, there is a recognized exception to this rule. When the problem which has, due to supervening events, become moot is one of considerable public importance or the principle involved therein is a continuing one, the court may, in its discretion, decide the issues of law involved. Board of Examiners of Plumbers of City of Phoenix v. Marchese, 49 Ariz. 350, 66 P.2d 1035; Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310. Because the judicial practice attacked by petitioner in this proceeding is apparently quite widespread in some of the superior courts, this Court will proceed with a determination of the questions of law presented—for the future guidance of the bench and bar.

 A notice of appeal having been filed, the trial court has been divested of its general jurisdiction to act in the matter, and jurisdiction lies in this Court to issue any orders which justice may require. It is a well-recognized rule that once an appeal has been taken, the trial court has authority to act only in furtherance of the appeal. Whitfield Transportation Inc. v. Brooks, 81 Ariz. 136, 302 P.2d 526. However, by the provisions of our Rules of Civil Procedure and Rules of Criminal Procedure, some vestigial powers are retained by the lower court. Rule 73(s) of the

Rules of Civil Procedure, 16 A.R.S., allows the superior court to grant an extension of time for transmittal of the record on appeal to the clerk of this Court *up to 90 days* from the date of filing of the notice of appeal. Rule 361, subd. A., Rules of Criminal Procedure, 17 A.R.S., also empowers the trial court to grant such an extension, but it sets no explicit maximum time limit. On the other hand, Rule 3(a), Rules of the Supreme Court, 17 A.R.S., states that no extension of the time for transmittal of the record will be allowed in excess of 90 days from the date of notice of appeal. This provision is expressly applicable only to civil appeals, but Supreme Court Rule 15 provides:

"The Rules of this court pertaining to civil appeals and not conflicting with Rules specifically pertaining to appeals in criminal actions, when applicable and insofar as they are practicable, shall govern appeals in criminal actions."

This case turns on the interaction of the foregoing rules.

Respondent contends that the provisions of Rule 361, subd. A., supra (Rules of Criminal Procedure), and the lack of any time limitation in granting extensions under that rule, allow the superior court to grant whatever extensions of time it may deem advisable, i. e., beyond the 90-day limit expressly set for civil appeals. This contention is pressed in spite of the fact that the two Rules of the Supreme Court (Nos.. 3 and 15, supra) construed together do set. a maximum period of 90 days beyond which no extensions may be allowed except on application to this Court.

It is necessary to point out that all of the provisions under discussion are: of the same legal stature: all are procedural rules adopted by this Court pursuant to its rule-making power. See A.R.S. section 12–109. The purpose of such rules is to facilitate the judicial process, not to hinder it. When an appeal is taken to this Court—whether in a civil or in a criminal case—there must come a time when the force of the orders of the lower court ceases, in deference to the appellate jurisdiction of this Court. We hold Supreme Court Rule 3(a) (taken with Rule 15) sets that point—for purposes of granting extensions of time—at 90 days after the giving of notice of appeal. The order here attacked would extend the trial court's. jurisdiction beyond that limit. Therefore,, in granting such order the respondent judge· exceeded his jurisdictional authority.

The question stated at the outset is answered in the negative.

PHELPS, C. J., and STRUCKMEYER, JOHNSON, and BERNSTEIN, JJ., concurring.