480 P.2d 1005

**E. E. HAWES, Maricopa County Board of Supervisors, and Maricopa County Planning and Zoning Commission, Appellants,**

v.

**Jack COOPER and Carol Cooper, his wife, and others similarly situated, namely, that class of persons who live in and about the community of Lehi, Appellees.**

**No. I CA–CIV 1461.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 24, 1971.

Killian & Legg, by Vernon L. Nicholas, Mesa, for appellant Hawes.

Ellsworth & Van Haren, by Arthur Van Haren, Jr., Phoenix, for appellants Maricopa County Bd. of Supervisors and Maricopa County Planning and Zoning Commission.

Samuel Kelsall, IV, Phoenix, for appellees.

JACOBSON, Presiding Judge.

This appeal is from a suit instituted to declare invalid the action of the Maricopa County Zoning Board in changing R–43 (rural) zoning to R–5 (mobile home) zoning.

The trial court declared the zoning board's action invalid. We are asked to review the propriety and effect of this declaration, together with the mootness of review by this court in view of the recent action taken by the City of Mesa in annexing the land in question. Briefly, the procedural facts are as follows:

Appellant, E. E. Hawes, is the owner of 33 acres of land located in an area north of Mesa known as Lehi. Mr. Hawes' property is bordered by McKellips Road on the south, Horne Street on the east, Bates Road on the north, and a trailer park development on the western boundary.

During the latter part of 1969, appellant sought to obtain from the Maricopa County Board of Supervisors and the Maricopa County Planning and Zoning Commission, a change of zoning of this property from R–43 to R–5, for the purpose of developing a mobile home park. In pursuance of this purpose, the appellant appeared before the Planning and Zoning Commission in December, 1969, and the Commission recommended denial of the requested change. At a subsequent hearing held on December 29, 1969, the Maricopa County Board of Supervisors returned the matter to the Planning & Zoning Commission by unanimous

vote for a further hearing. Thereafter, on January 8, 1970, the Commission again met and arguments pro and con were presented on the requested zoning change, the Commission on this occasion recommending approval.

The matter came on for hearing by the Board of Supervisors on January 12, 1970, at which time the Board voted unanimously to adopt a resolution changing the zoning from R–43 to R–5.

Thereafter, the appellees who are surrounding property owners, filed an action in Superior Court to declare the resolution void. It is from the trial court's judgment invalidating the zoning change that this appeal has been taken.

It is the appellants' position that the trial court erred in considering improper, immaterial and irrelevant evidence on the question of whether the validity of the Board's ruling was fairly debatable, thereby exceeding the limited role of the judiciary in zoning cases.

A review of the record discloses that the trial judge correctly perceived the question before him to be whether or not the reasonableness of the Board's resolution changing the zoning was fairly debatable. However, the criteria which the trial court utilizes in deciding this question are reviewable by this court, and findings by the trial court which relate to matters which are merely opinions and judgments of the trial court are not controlling on this court. Rubi v. 49'ER Country Club Estates, Inc., 7 Ariz.App. 408, 440 P.2d 44 (1968). It appears that the trial court based its judgment in large measure upon the following findings of fact:

(1) "[N]o proper fire protection in this area and no provision made for it * * *.

(2) "There are no parks in the area for children to play and amuse themselves lawfully and properly other than to go onto somebody else's private property, to-wit, the present home owners.

(3) "There is no adequate school facilities * * * the small school that is already there * * * is crowded and overflowing * * * although there was something in the minutes of the Board of Supervisors meeting that the taxes have gone up enormously, but, either way, there are no adequate school facilities for children.

(4) "[T]here are junk items all around that should be eliminated for safety reasons, well, those items, together with the farms themselves and the farm-type structures, I should say, or living homes, certainly would constitute in law or in fact—I don't care which you want to call it—attractive nuisances to city-born children who are unaccustomed to the ways of farm machinery * * *.

"Certainly, there is a danger to city-born children from animals in this area in which city-born children would be entirely unfamiliar.

(5) "Further, there is no showing here whatsoever that there is any traffic control contemplated or device from the obviously * * * increased motor vehicle load and no provision made for it * * *."

It becomes clear from the record that the trial court misconstrued its proper function in this case. We know of no requirement which would place upon the appellant property owner the insurmountable burden contemplated by the trial judge—forcing him to prove, among other things, that there presently exists for use by a projected population, proper fire protection, adequate play areas for children, adequate school facilities and traffic control devices and that there is an absence of attractive nuisances in the area including animals dangerous to city-born children.

Ordinarily we would reverse for the reason that as a matter of law the question of the reasonableness of the resolution before the Board of Supervisors was fairly debatable and their judgment will not be

disturbed. Mueller v. City of Phoenix, 102 Ariz. 575, 435 P.2d 472 (1967); City of Phoenix v. Fehlner, 90 Ariz. 13, 363 P.2d 607 (1961). However, we need not do so in this case in view of our decision on the next point raised by the briefs.

Appellee by his answering brief raises the question of whether this case has become moot because the City of Mesa has recently annexed the land in question. It is urged in this connection that this case was terminated upon the Mesa City Council's ratification of the annexation on September 14, 1970, and that this appeal must therefore be dismissed. *See,* Mueller v. City of Phoenix, *supra*; Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764 (1955); Gibson v. Board of Supervisors, 20 Ariz. 222, 179 P. 640 (1919); J. R. Francis Const. Co. v. Pima County, 1 Ariz.App. 429, 403 P.2d 934 (1965).

The appellant contends by way of reply that this is not a proper case for the application of the mootness doctrine even though the case has lost its practical importance for the parties insofar as the principal subject matter is concerned, for the reason that a secondary question of practical importance turns on the result of this appeal, namely, zoning of the property in question by the Mesa City Council.

Appellant cites the case of Ford Motor Co. v. N.L.R.B., 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221 (1939), for the proposition that a secondary question of practical importance may preclude application of the mootness doctrine to an appeal and has appended the affidavit of Howard Godfrey of the City of Mesa Planning & Zoning Department in support of the argument that the decision of the trial court has an effect upon the zoning in the area by the City of Mesa.

However, in view of our prior discussion of the improper criteria utilized by the trial court in this regard together with the fact that the City of Mesa is currently engaged in the process of zoning the area *de novo,* we feel the secondary question involved is

of insufficient practical importance to warrant a full opinion on the merits.

It having been determined that the case is moot, the appeal is hereby dismissed.

HAIRE and EUBANK, JJ., concur.