524 P.2d 1318

**CITY OF PHOENIX, a municipal corporation, Appellant,**

v.

**Frank F. COLLINS, Appellee.**

**No. 1 CA–CIV 2409.**

Court of Appeals of Arizona,
Division 1,
Department A.
July 25, 1974.

**146**

Joe R. Purcell, City Atty., City of Phoenix, by Donald W. Lindholm, Edward P. Reeder, Asst. City Attys., Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl by C. Michael Pierce, Phoenix, for appellee.

OPINION

OGG, Judge.

We must determine in this appeal whether the City Council for the City of Phoenix was legally correct in refusing to approve Frank F. Collins' application for a rezoning of his property. Collins is the owner of a tract of land located at the corner of 19th Avenue and Greenway in the City of Phoenix. Collins went before the Phoenix City Council with a request that this property be rezoned from its present Residential RE–35 zoning to a Commercial, C–1 zoning classification. The City Council denied his application and thereafter Collins filed suit in the Superior Court of Maricopa County. After a trial to the court a judgment was rendered in favor of plaintiff Collins wherein the trial court stated:

"1. That the action of the City Council of the City of Phoenix in denying plaintiff's request for rezoning to C–1 Neighborhood Commercial in application #Z 2–72 was arbitrary and unreasonable and without any substantial relation to the public health, safety, morals, or general welfare;"

The City now appeals this judgment alleging it was error for the trial court to overrule the zoning decision made by the City Council.

The City contends that there is a presumption favoring the validity of an ordinance and that the courts must uphold the zoning classification unless it is clearly arbitrary, unreasonable and without any substantial relationship to the public health, safety, morals or general welfare.

Collins contends the evidence in this case overcomes any presumption and clearly supports the trial court's decision.

Collins owns two lots containing 2.2 acres of land located on the northwest corner of Greenway Road and 19th Avenue in Phoenix, Arizona. The lots are a part of the Sierra Prieta Estates and were specifically exempted from the subdivision restrictions so they could be developed for

commercial purposes. At the trial there was no opposition from any of the neighboring landowners to Collins' application for a change in the zoning classification. Collins presented testimony that the property was worth approximately $18,000.00 under the present Residential Zoning Classification but the property would have a potential value of $140,000.00 if rezoned Commercial. Collins called two real estate experts who testified that the heavy traffic on 19th Avenue, together with the shallow depth of the two lots fronting on 19th Avenue made the land undesirable for residential use. The evidence was uncontradicted that 19th Avenue was a major arterial street with some commercial development in the area. In the general neighborhood surrounding the property there was a race track (Turf Paradise), a rock and gravel plant, a mobile home park, a landfill (City plans to develop it later into a golf course), a horse corral and hay barn operation and a maintenance yard of the Arizona Game and Fish Department.

The City called one witness from the City Planning and. Zoning Department, who testified that the proposed zoning change was premature and did not fit in with the City's present zoning plans.

In Arizona's first zoning case, City of Tucson v. Arizona Mortuary, 34 Ariz. 495, 272 P. 923 (1928), our Supreme Court held that before a general zoning ordinance can be declared unconstitutional ". . . it [must] affirmatively appear the restriction is clearly arbitrary and unreasonable, and has not any substantial relation to the public health, safety, morals, or general welfare." 34 Ariz. at 507, 272 P. at 927. The Court further stated: "[I]f the value of the property rights destroyed is so great, as compared with the benefit done, that it clearly appears the ordinance is arbitrary and unreasonable, the courts will interfere, but if there can be any reasonable argument on the question the legislative will must prevail." 34 Ariz. at 512–513, 272 P. 929. These general legal concepts have been followed in a series of Arizona cases:

Mueller v. City of Phoenix, 102 Ariz. 575, 435 P.2d 472 (1967); City of Phoenix v. Fehlner, 90 Ariz. 13, 363 P.2d 607 (1961); City of Phoenix v. Beall, 22 Ariz.App. 141, 524 P.2d 1314 (filed July, 1974); City of Phoenix v. Price, 18 Ariz.App. 144, 500 P. 2d 1132 (1972); Peabody v. City of Phoenix, 14 Ariz.App. 576, 485 P.2d 565 (1971); Hawes v. Cooper, 14 Ariz.App. 88, 480 P.2d 1005 (1971); City of Phoenix v. Burke, 9 Ariz.App. 395, 452 P.2d 722 (1969); Klensin v. City of Tucson, 10 Ariz.App. 399, 459 P.2d 316 (1969); Rubi v. 49er Country Club Estates, Inc., 7 Ariz. App. 408, 440 P.2d 44 (1968).

These cases have established some broad legal guidelines: There is a presumption that a zoning ordinance is valid. The zoning classification will be upheld unless it is unreasonable and has no substantial relationship to the public health, safety, morals or general welfare. When the evidence is fairly debatable the issues should be resolved in favor of upholding the zoning regulations.

The key words in these guidelines are *reasonable, substantial relation to public welfare* and *fairly debatable*. All these words are nebulous and do not easily conform to a concrete definition. The legal presumption favoring validity of a zoning ordinance and the fairly debatable doctrine are not absolutes. The presumption can be rebutted for otherwise the zoning authority could operate with total power and without restraints or guidelines.

In the landmark case of Nectow v. Cambridge, 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842 (1928), the United States Supreme Court said:

"The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and, other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare."

In the final analysis we must examine the facts in each individual case to determine if the zoning as applied to the property ⸱in dispute is reasonable and serves a beneficial public purpose. City of Tucson v. Arizona Mortuary, supra; Mutz v. Village of Villa Park, 83 Ill.App.2d 1, 226 N.E.2d 644 (1967); Lockard v. City of L. A., 33 Cal.2d 453, 202 P.2d 38 (1949).

In our opinion the evidence as presented created no fairly debatable issue and clearly rebutted the presumption favoring the validity of the zoning ordinance as applied to the property in question. The trial judge was correct in ruling the City's denial of the rezoning request was unreasonable and without any substantial relation to the public health, safety, morals or general welfare.

The judgment of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.