542 P.2d 31

Gil DYE and Joanne Dye, his wife, Thomas Bischoff and Judy Bischoff, his wife, Derek Longstaff and Marilyn Longstaff, his wife, Reed Perkins and Carol Perkins, his wife, Appellants,

v.

CITY OF PHOENIX, a Municipal Corporation; John D. Driggs, Mayor of the City of Phoenix, Ed Korrick, Henry E. Brodersen, Armando de Leon, Calvin C. Goode, Margaret T. Hance and John T. Katsenes, Council Members of the City of Phoenix, A. I. Marshall, Jr., and Jack Ingerbritson, and La Espanada, a limited partnership, Appellees.

No. I CA–CIV 2678.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 13, 1975.

Rehearing Denied Dec. 18, 1975.

Review Denied Jan. 20, 1976.

Renaud, Cook, Miller & Cordova, P. A., by J. Gordon Cook, Phoenix, for appellants.

Joe R. Purcell, Phoenix City Atty., by Robert A. Slonaker, Asst. City Atty., for appellees City of Phoenix, John D. Driggs, Ed Korrick, Henry E. Brodersen, Armando de Leon, Calvin C. Goode, Margaret T. Hance and John T. Katsenes.

Snell & Wilmer by Lawrence C. Wright, Phoenix, for appellees A. I. Marshall, Jr., Jack Ingerbritson and La Espanada.

OPINION

FROEB, Judge.

This is an appeal from a judgment which held that the reasonableness of rezoning a parcel of land was "fairly debatable" and that the rezoning was therefore valid and must be upheld. We agree and affirm the judgment.

In 1961, the City of Phoenix, after conducting hearings concerning the proposed zoning of various areas, comprehensively zoned the entire city. This included 8.7 acres at the southwest corner of 56th Street and Thomas Road in Phoenix, which are the subject of this lawsuit. Various portions of the property were zoned C–2, P–1, R–5 and R1–6. Such zoning would have permitted apartment construction on those parcels zoned C–2

and R–5. The parcel zoned P–1, a classification allowing for parking space to service the commercial zone, would not have permitted any apartment construction, but testimony at the trial indicated that the parcel would be rezoned to allow for such construction if the C–2 and R–5 parcels were developed for apartments. The remaining parcel, zoned R1–6 and consisting of 5.51 acres, would have permitted single-family residential housing up to 4.75 units per acre. On November 18, 1970, the City Council granted an application for a zoning change for the subject property and rezoned the entire property P.A.D.–14, which, under the approved site plan, allowed for the construction of up to 224 apartment units. This change followed approximately five rezonings of nearby land which took place during the period between 1961 and November 18, 1970, and which resulted in changes from R1–6 zoning to zone classifications permitting extensive apartment construction. These rezonings occurred in the area between 52nd Street and 54th Street and between Thomas Road and Windsor Avenue, the latter forming the southern boundary of the property at issue here. Despite strong protest by neighboring residential property owners which culminated in this lawsuit, the trial court found, among other things, that appellants had failed to show by a preponderance of the evidence that the rezoning change to P.A.D.–14 was clearly arbitrary and unreasonable and that it had no substantial relation to the public health, safety, morals and general welfare. As a result, it concluded that the reasonableness of the ordinance rezoning the subject property was "fairly debatable" in its relation to the general public welfare and consequently should be upheld.

Appellants, the neighboring residential property owners, contend that rezoning is arbitrary and capricious and not valid unless there is evidence that the original zoning was a mistake or that there has been a change of circumstances in the area since the original zoning. The rule which appellants refer to and ask us to apply is sometimes referred to as the "Maryland rule," which relates to rezoning a single parcel of property originally zoned under a comprehensive zoning ordinance. This rule, which is followed in only a few jurisdictions, is not, however, the test followed in Arizona to determine the validity of a zoning change, whether it be for a single parcel or for multiple parcels of land.

In this state, zoning ordinances are legislative functions and are presumed valid. *Mueller v. City of Phoenix,* 102 Ariz. 575, 435 P.2d 472 (1967); *City of Tempe v. Rasor,* 24 Ariz.App. 118, 536 P.2d 239 (1975); *City of Phoenix v. Collins,* 22 Ariz.App. 145, 524 P.2d 1318 (1974); *City of Phoenix v. Beall,* 22 Ariz.App. 141, 524 P.2d 1314 (1974). And, as stated recently by this court in *Rasor, supra,* this presumption can be overcome only by a showing

. . . that the classification is clearly arbitrary and unreasonable and without any substantial relation to the public health, safety, morals or general welfare. *City of Tucson v. Arizona Mortuary,* 34 Ariz. 495, 272 P. 923 (1928); *Collins,* supra. [536 P.2d at 241]

Furthermore, when the validity of a zoning ordinance is questioned on appeal, it is

. . . the function of this court is to determine whether the record shows a reasonable basis for the action of the zoning authorities, and if the reasonableness of the ordinance is fairly debatable, the legislative determination will not be disturbed. [536 P.2d at 241]

It was the determination of the trial court in this case that "the reasonableness of these zoning ordinances in question is fairly debatable." We find this determination is supported by the record. Thus, by reason of well-settled law in this state, we will not disturb the

decision of the Phoenix City Council to rezone the subject parcel to P.A.D.–14 or the judgment of the trial court supporting it.

Judgment affirmed.

OGG, P. J., and DONOFRIO, J., concur.