**PALISADES CITIZENS ASSOC., INC., et al., Petitioners,**

**v.**

**DISTRICT OF COLUMBIA ZONING COMMISSION, Respondent,**

**Waverly Taylor, Inc., Intervenor.**

**No. 9183.**

District of Columbia Court of Appeals.

Argued Dec. 9, 1975.

Decided Feb. 1, 1977.

Timothy J. Bloomfield, Washington, D. C., for petitioners.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Washington, D.C., at the time the brief was filed, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Norman M. Glasgow, Washington, D.C., with whom Whayne S. Quin and John F. McCabe, Jr., Washington, D. C., were on the brief, for intervenor.

Before GALLAGHER and MACK, Associate Judges, and PAIR, Associate Judge, Retired.

GALLAGHER, Associate Judge:

This is a petition for review of an Order of the Zoning Commission. Intervenor Waverly Taylor, Inc. (Taylor) filed an application to amend the Zoning Map so as to change the zoning classification of property from R–1–B to R–3.[1] Subsequent to the filing of the application, Taylor was granted leave to amend its application so that the change requested was from R–1–B to R–5–A.[2]

The property is located at 4614 Mac-Arthur Boulevard, N.W. in the District of Columbia. It runs along MacArthur Boulevard for 670 feet, and its depth varies from 83 to 126 feet. The surrounding area is zoned R–1–B with the exception of a strip of R–5–A along MacArthur Boulevard to the southeast of the property and a small parcel of C–1 on the other side of MacArthur Boulevard 120 yards to the southeast of the property. The R–5–A strip is separated from the land in question by United States Government owned property. Taylor sought amendment of the zoning map for the avowed purpose of building twenty-seven townhouses with twenty-six driveways on the property. Opposition to the proposed amendment came

---

1. Taylor, individually, had previously sought a variance before the Board of Zoning Adjustment, *Taylor v. District of Columbia Bd. of Zoning Adjust.*, D.C.App., 308 A.2d 230 (1973). We indicated at that time that the remedy, if any, was before the Zoning Commission rather than the Board of Zoning Adjustment. 308 A.2d at 234.

2. An R–5–A classification permits all types of urban residential development provided that the development is characterized by low height and density. Zoning Regulations of the District of Columbia, § 3105.1. All new residential developments in R–5–A Districts with certain exceptions must be reviewed by the Board of Zoning Adjustment. *Id.* § 3105.- 42.

from Palisades Citizens Association (Association) and residents of the area to the northwest of the property who are owners of single-family detached houses.

The Zoning Commission hearings were conducted in accordance with Part II of the Rules of Practice and Procedure for Map Amendments, as we will later explain. The Zoning Advisory Council and the Zoning Commission staff recommended that the application be denied.

The Zoning Commission, with five members present, voted unanimously to grant the zone change from R–1–B to R–5–A. Subsequently, the Commission, with three members present and voting, adopted Proposed Order No. 102 granting the requested zone change. Exceptions to the proposed Order were filed by the Association. Its request for oral argument was not granted by the Commission.[3] Subsequently, the Zoning Commission, again with three members participating, voted to approve the Order without dissent. In reaching its decision, the Commission noted that a development in a R–5–A zone requires subsequent site plan review by the Board of Zoning Adjustment.

Appellants first contend that the Commission's decision is invalid because (a) one of the three voting Commissioners did not attend any of the public hearings, and (b) the Commission failed to comply with the District of Columbia Administrative Procedure Act.[4] Appellants do not assert that they made these contentions before the Zoning Commission. Instead, so far as it

appears, they are being made for the first time on appeal.

We have examined them, nevertheless, and conclude they are without merit.

■ The record shows there was a quorum of the Commission (3 members) present at the public hearings in this case.[5] The decision to grant the application for the changed zoning was made unanimously by the entire five member Commission. The Order itself, containing the findings of fact and conclusions of law, was later signed by three members, two of whom had been present at the hearings. Prior to this Order, petitioners filed exceptions to a Proposed Order, signed by the same three members, containing findings and conclusions. This was done pursuant to the Commission's rule which provides that the Commission must serve upon the parties its proposed findings of fact, conclusions of law and decision or order (20 DCRR 2.62). It further provides that any party may within ten (10) days "file exceptions thereto and written argument" and that, in its discretion, the Commission may hear *oral* argument on the exceptions (20 DCRR 2.62).

Petitioners filed written exceptions and argument and also requested oral argument, with the latter not being granted.[6]

As provided in the statute (D.C.Code 1973, § 5–416), a majority of the Commission voted in favor of the Order under review. Though one of the three members signing the Order did not attend the hearings, opportunity was granted petitioners

---

3. The grant of oral argument is discretionary with the Commission under its Rules (20 DCRR 2.622).

4. D.C.Code 1973, § 1–1501 *et seq.*

5. While the cover of one daily transcript may indicate the presence of only two members, the record shows this was erroneous. Furthermore, applicants, who were present at the hearings, make no such assertion beyond an allusion to the cover of the transcript.

6. They now also claim that under the District of Columbia Administrative Procedure

Act (§ 1–1509(d)) the requirement of an opportunity to "present argument" has not been met. As will later appear, we conclude that this particular proceeding is for all intents and purposes a "contested case" under that Act (§ 1–1501 *et seq.*). This court previously has stated that under that Act argument on exceptions may either be "oral or in the form of memoranda or briefs." *Woodridge Nursery School v. Jessup,* D.C. App., 269 A.2d 199, 202 n. 14 (1970).

to "file exceptions and present argument" to "a majority of those who [rendered] the final order or decision" (D.C.Code 1973, § 1–1509(d)) and we therefore conclude there was no procedural defect in relation to the Commission's Order requiring reversal.[7] This procedure is permitted under the rules governing this proceeding (20 DCRR 2.623).

Petitioners next contend that the Commission's Order is defective for failure to support and explain its decision to grant the application.

■ We do not agree. Essentially, the Commission concluded that (a) since the adoption of comprehensive city-wide zoning in 1958, there have been substantial changes along MacArthur Boulevard, "a major arterial highway," that make appropriate the rezoning for the site involved, (b) the change of zoning "will promote the early, orderly development of the subject property and will be in the interest of the City and neighborhood," (c) the rezoning will not produce dangerous or otherwise objectionable traffic conditions, (d) the amendment is in harmony with the intent, purpose, and integrity of the comprehensive zoning plan, (e) the amendment will not adversely affect the character and uses of adjacent or neighboring districts, and (f) the proposed townhouse development will require site plan review by the Board of Zoning Adjustment "which will assure compatibility of the proposed development with the surrounding area." [8]

We find the statement of reasons for the Commission's Order to be adequate legally.

Petitioners further contend that the Order entered reflects errors of law because the Commission (a) failed to apply proper standards, (b) did not make the sort of inquiry necessitated by an application for R–5–A zoning, and (c) engaged in illegal "spot zoning" instead of zoning in accordance with a comprehensive plan.

Petitioners argue that to justify a rezoning there must be strong evidence of substantial change and the changing conditions must clearly require a zoning amendment; alternatively, a mistake in the original zoning must be shown.

■ The fact is that the Commission found that there have been substantial changes in the neighborhood and that the zoning change will promote the orderly development of the property and, in so doing, it will be in harmony with the intent of the comprehensive zoning plan. We discern no reason sufficient to upset those conclusions of the Commission.

■ As to the necessity to show a mistake in the previous zoning, the change-mistake doctrine has not been adopted in this jurisdiction.[9] We think it would unnecessarily restrict the Zoning Commission to require a conclusion that prior zoning was mistaken in order to enable a change.

We do not agree that the Commission failed to make the inquiry required for R–5–A zoning and engaged in "spot zoning."

---

7. *Allen v. Zoning Commission*, 146 U.S.App. D.C. 24, 449 F.2d 1100 (1971), relied upon by petitioners, is distinguishable factually and not to the contrary.

8. The R–5–A zoning being granted permits certain garden-type apartment development. The Commission notes that the proposed construction for the site may not govern in its decision to change the zoning. In view of the state of the record in this proceeding, however, in attempting to secure the necessary site plan approval a property owner would be hard put to justify construction of more

density than townhouse development as proposed in this proceeding. *See* Zoning Regulations of the District of Columbia, § 8204.3. The Zoning Commission's findings here make this evident.

9. *Hagans v. District of Columbia*, D.C.Mun. App., 97 A.2d 922 (1953), cited by petitioners, is not to the contrary. Just as prior actions of the Zoning Commission are presumed to be reasonable, the same presumption of regularity would also attach to subsequent actions.

■ Our review discloses adequate inquiry by the Commission in relation to this particular zoning. There is not "spot zoning" here as the record shows adequate basis for the conclusion that the zoning accords with the comprehensive zoning plan.[10]

Though neither petitioners nor the applicant for rezoning raises the issue, the Commission would have us conclude that this is not a "contested case" and this court therefore has no jurisdiction to review (D.C.Code 1973, § 1–1510).

■ The fact is, however, that the public hearing was deliberately conducted by the Commission as a contested case under Part II of its Rules of Practice and Procedure. It was an adjudicatory hearing and not the legislative type usual to zoning hearings.

It appears that after this court's decisions in *Capitol Hill Restoration Society v. Zoning Commission,* D.C.App., 287 A.2d 101 (1972), and *Citizens Association of Georgetown, Inc. v. Washington,* D.C.App., 291 A.2d 699 (1972), the Commission decided to promulgate a rule enabling it to conduct an adjudicatory hearing, rather than the usual legislative type, when a zoning application pertains to a relatively small piece of property and few "parties."

In conducting a Part II trial-type hearing in this proceeding the Commission apparently was influenced by the fact that here there was only one parcel of land involved and one owner as an applicant. In any event, the Commission concluded that the applicant should be granted an adjudicatory hearing, presumably because the proceeding had elements resembling those in *Capitol Hill Restoration Society, supra.*

The position now being taken by the Commission that though this particular case was tried as an adjudicatory proceeding it is not really a "contested case," as

defined, runs contrary to its own rules (*e. g.,* 20 DCRR 2.552 and note thereunder). It was treated as a "contested case" by the Commission and we see no reason now to view it otherwise.

*Affirmed.*

10. Petitioners also assert that the Order is not supported by evidence of record and that its decision is arbitrary and capricious. Our review shows there is substantial evidence to support the Order.