ROCK CREEK EAST NEIGHBORHOOD
LEAGUE, INC., Petitioner,

v.

DISTRICT OF COLUMBIA ZONING
COMMISSION, Respondent,

Joseph L. Bonnett, President of Equity
Construction Company, Inc.,
Intervenor.

No. 12177.

District of Columbia Court of Appeals.

Argued May 3, 1978.

Decided May 17, 1978.

Elbert C. Robinson and George H. Windsor, Washington, D. C., for petitioner.

Michael A. Cain, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, and John C. Salyer, III, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Iverson O. Mitchell III, Washington, D. C., with whom Norman M. Glasgow and Whayne S. Quin, Washington, D. C., were on the brief, for intervenor.

Before NEWMAN, Chief Judge, and KERN and GALLAGHER, Associate Judges.

PER CURIAM:

Petitioner seeks review of an order of the Zoning Commission amending the Zoning Map as to a vacant parcel of land located at the northeast corner of the intersection of 16th Street and Arkansas Avenue, N.W. Petitioner contends the Zoning Commission had no authority to change the zoning classification of the subject property without making a preliminary finding that a substantial change in character had occurred in the surrounding neighborhood which necessitated a zoning amendment. Finding no error of law, we affirm.

These proceedings commenced when intervenor, Joseph L. Bonnett, applied for a

zoning amendment for Lots 812 and 813 in Square 2695 consisting of 19,671 square feet. Asserting that it would be economically unfeasible to build single-family detached dwellings on the site, he requested that the zoning classification be changed from R–1–B to R–4.[1] The property faces Piney Branch Parkway on the south. North of the Parkway to the district line the predominant use west of 16th Street is detached single-family homes (zoned R–1–B) with the exception of an R–3[2] district consisting of semi-detached dwellings near 16th Street and Upshur. A large R–4 district abuts the property on the east and directly across from the site is an area zoned R–5–C. Immediately north of the property is an unused gasoline station (prior nonconforming use) and a church, its school and parking lot.

Public hearings were held by the Zoning Commission on October 21, November 18 and December 2, 1976. The Municipal Planning Office (MPO) recommended that the requested map amendment be granted. MPO reported the conclusions of the various concerned District of Columbia agencies that development of the property would not have a negative impact on the District's resources, would not create traffic congestion, and would not decrease property values in the surrounding areas. The Deputy Director of the Zoning Division of MPO also testified that the same considerations would support a change of zoning to R–3. Petitioner and other citizens' associations opposed the requested change, although several residents of the area indicated that a change to R–3 would be unobjectionable. The Zoning Commission unanimously concluded that an R–3 classification for the property would be appropriate for the area and compatible with the comprehensive zoning plan in the District of Columbia.

In evaluating the request for a zoning amendment the Commission is guid-

ed by the standards set out in D.C.Code 1973, § 5–414. The Commission is not required to find evidence that the character of the zoning district has substantially changed since promulgation of the zoning map in order to reclassify a particular parcel within the district. In *Palisades Citizens Association v. District of Columbia Zoning Commission*, D.C.App., 368 A.2d 1143 (1977), this court recognized that "substantial change" in the neighborhood is one factor the Commission may permissibly consider in rezoning. However, we did not require the Commission to make that finding and emphasized in *Palisades* that "the change-mistake doctrine has not been adopted in this jurisdiction." *Id.* at 1146.

The Commission's findings of fact and conclusions of law are amply supported by the record and in accordance with applicable law. Absent arbitrary and capricious action, we will not substitute our judgment for that of the Zoning Commission. *Lewis v. District of Columbia*, 89 U.S.App.D.C. 72, 190 F.2d 25 (1951).

*Affirmed.*

---

**1.** The R–1–B classification provides for one-family detached dwellings with a minimum lot area of 5,000 square feet. The R–4 classification permits row dwellings with a minimum lot area of 1,800 square feet. D.C.Zon.Reg. §§ 3101, 3104, 3301.

**2.** An R–3 classification permits development of row dwellings with a minimum area of 2,000 square feet. To promote a family-life environment, the permitted uses are the same as in R–1 districts. D.C.Zon.Reg. §§ 3103, 3301.