DIAZ, J.,
for the Court:
¶ 1. The Board of Aldermen of the Town of Marion voted to rezone from residential to commercial all property within the town limits abutting Highway 45. The appellants, owners of property within the rezoned area and owners of nearby residential property, objected to the decision to rezone and appealed to the Lauderdale County Circuit Court which affirmed the Board of Aldermen. The objectors appeal, arguing (1) the Board of Aldermen’s finding that there had been a substantial change in the character of their neighborhood was not supported by clear and convincing evidence, (2) inclusion of their property in the rezoned area is unreasonable, and (3) the Board of Aldermen failed to comply with the notice requirements provided in the ordinances of the Town of Marion. We find no merit in these contentions and affirm the decision of the circuit court.
FACTS
¶ 2. On June 9, 1998, the Board of Aider-men of the Town of Marion held a public hearing to discuss a proposed amendment to the town’s zoning ordinances which would rezone all property abutting High *837 way 45, also referred to as Dale Drive. According to the proposal, the affected property, an area over two miles long, would be zoned commercial. Several landowners appeared at the hearing and voiced their objections, among them the appellants, who own property located along Highway 45 and along Marion Drive North which intersects Highway 45 near' the northern part of the town. The Board voted to take the amendment under advisement.
¶ 3. The Board convened a special meeting on June 17, 1998 and voted 3-2 to adopt the amendment. The objectors appealed to the Lauderdale County Circuit Court which affirmed the decision of the Board of Aldermen. It is this decision from which the objectors appeal.
DISCUSSION
I. WHETHER THE BOARD OF ALDERMEN’S DECISION IS SUP- . PORTED BY SUBSTANTIAL EVIDENCE THAT THERE HAD BEEN A SUBSTANTIAL CHANGE IN THE CHARACTER OF THE NEIGHBORHOOD WHICH JUSTIFIED A REZONING OF RESIDENTIAL PROPERTY TO COMMERCIAL PROPERTY
II. WHETHER INCLUSION OF THE OBJECTORS’ NEIGHBORHOOD IN THE AREA TO BE REZONED IS UNREASONABLE
¶4. These issues will be discussed together, as they both deal with the change or mistake rule.
¶ 5. Before property is reclassified, an applicant seeking rezoning must prove by clear and convincing evidence either that (1) there was a mistake in the original zoning, or (2) the character of the neighborhood has changed to such an extent as to justify rezoning and that a public need exists for rezoning. City of Biloxi v. Hilbert, 597 So.2d 1276, 1280 (Miss.1992). The “change or mistake” rule of municipal zoning is based on the presumption that the original zoning is well planned and designed to be permanent. Concerned Citizens To Protect The Isles And Point, Inc. v. Mississippi Gaming Comm’n, 735 So.2d 368 (1127) (Miss.1999). The zoning decision of a local governing body which appears to be “fairly debatable” will not be disturbed on appeal, and will be set aside only if it clearly appears the decision is arbitrary, capricious, discriminatory, illegal, -or is not supported by substantial evidence. Hilbert, 597 So.2d at 1280.
¶ 6. During discussion of the proposed amendment, the Board- of Aldermen maintained that there was a mistake in the original zoning. The zoning administrator, Charles Dean, stated that “there was a mistake in the original zoning ordinance since only the existing commercial property was zoned commercial leaving no room for growth.... ” The Mississippi Supreme Court has held that “a mistake within the meaning of the law is not a mistake of judgment, but, rather, a clerical or administrative mistake.” City of New Albany v. Ray, 417 So.2d 550, 552 (Miss.1982). However, because we affirm the circuit court on other grounds, we do not address the issue of mistake.
. ¶ 7. The objectors challenge the circuit court’s finding that there had been a substantial change in- the character of their neighborhood and that a public need for rezoning existed. The circuit court relied upon the fact that there had been nine zoning changes within'the area since the date of the original zoning. Commercial establishments located in the area rezoned include a bank, post office, town hall, two convenience stores, an auto repair shop, and three other businesses. Evidence that nearby property has been rezoned supports a finding by the zoning authority that there has been a material or substantial change in the neighborhood since the inception of the comprehensive zoning plan. McWaters v. City of Biloxi, 591 So.2d 824, 827 (Miss.1991). The change in the area from residential to commercial is fairly debatable.
*838 ¶ 8. As for the public need for the rezoning, the Board contended that additional commercial property along Highway 45 North would increase the town’s tax base. In recent years, the supreme court has recognized the duty of municipal zoning authorities, acting legislatively, to “look out the window” and act on the basis of what they see happening in then* community. Luter v. Hammon, 529 So.2d 625, 629 (Miss.1988). We agree with the circuit court’s finding that an increased tax base is a valid municipal goal.
¶ 9. The objectors attack the public need for the rezoning, claiming that the inclusion of their neighborhood in the rezoned area is unreasonable. They maintain that even without the inclusion of their neighborhood, the rezoned area provides adequate commercial property. The supreme court rejected a similar argument where property owners contended there was a glut of commercial real estate already existing and, therefore, no public need for rezoning. Howie v. Autrey, 209 So.2d 904, 905-06 (Miss.1968). The court relied upon the fact that the subject property had commercial property on both the east and west sides. Id. Similarly, in the case at bar, the objectors’ neighborhood already contains commercial property abutting Highway 45.
¶ 10. According to the objectors, inclusion of their neighborhood in the area to be rezoned was “de facto unreasonable because it thwarted Appellants’ ability to muster the necessary number of protestors to force a two-thirds vote.” The objectors cite no authority in support of this argument. Failure to cite any authority may be treated as a procedural bar, and this Court is under no obligation to consider the assignment. Weaver v. State, 713 So.2d 860, 863 (Miss.1997).
¶ 11. Mississippi is among the minority of states which continue to adhere to the Maryland “change or mistake” rule, or some variant thereof. The rule requires a showing of either mistake in the existing zoning or a substantial change in the area’s character to sustain an amendment. 6 Patrick J. Rohan, Zoning and Land Use CONTROLS § 39.02[3] (1997). The Mississippi courts follow closely the rule as it has developed in Maryland, with the additional requirement that there be a public need for the proposed zoning amendment if there has been a substantial change in the area’s character. Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991). Other jurisdictions which apply the rule, though less frequently, include Colorado, Kentucky, Michigan, New Mexico, North Carolina, and Oregon. 1 Anderson’s AmeRican Law of Zoning, § 5.11, 385 (4th ed.1996). Some states have specifically refused to follow the rule or have abandoned or modified it after a period of apparent application of it. Dye v. Phoenix, 25 Ariz.App. 193, 542 P.2d 31, 32 (1975); Willdel Realty, Inc. v. New Castle County, 281 A.2d 612, 614 (Del.1971); Rock Creek East Neighborhood League, Inc. v. District of Columbia Zoning Comm’n, 388 A.2d 450, 451 (D.C.1978); Central Bank & Trust Co. v. Board of County Comm’rs, 340 So.2d 503, 505 (Fla.Dist.Ct.App.1976); Lum Yip Kee, Ltd. v. City and County of Honolulu, 70 Haw. 179, 767 P.2d 815, 823 n. 14 (1989); Palermo Land Co., Inc. v. Planning Comm’n of Calcasieu Parish, 561 So.2d 482, 489 (La.1990). A firm and supportable classification of jurisdictions is difficult because the language with which the courts impose and adjust the burden of proof in zoning litigation is general and variable. Anderson’s, supra at § 5.11.
¶ 12. A rezoning or amendment of a zoning ordinance or refusal to rezone is generally characterized as a “legislative” act representing legislative judgment. Because of this characterization, the majority of states grant rezoning decisions a presumption of validity, limiting the scope of judicial reviews to a determination of whether the zoning change or refusal to rezone was arbitrary, capricious or unreasonable and having no substantial relation to the public health, safety or general welfare.. Rohan, supra at § 39.01[2]. Those challenging a rezoning or refusal to rezone *839 have the burden of proof, and where-dhe evidence on balance is “fairly debatable,” the question is resolved in favor of the local legislative body. Id.
¶ 13. Unlike the rule applied by the majority of states, the change or mistake rule shifts the burden of proof to the proponent of the rezoning.
The Maryland rule would appear to be a limitation upon the power of the legislative body to rezone rather than a strict rule of presumption of validity. It requires the proponent of the change to support it by evidence of such mistake in the original zoning ordinance or of changed conditions as a condition precedent to the operation of the presumption of validity but such evidence having been given, it would appear that the presumption then attaches with its customary vigor. In the majority of states no reference is made of the necessity of such prior proof of mistake or changed conditions and in at least two states the rule is expressly disavowed.
Willdel Realty, Inc. v. New Castle County, 281 A.2d 612, 613 (Del.1971) (quoting 1 ÁRDen H. Rathkopf, The Law Of Zoning And Planning, 27-16,17 (1970,)).
¶ 14. The greatest, criticism of the Maryland rule is that it completely thwarts the efforts of legislative or zoning authorities in the absence of satisfaction of the “mistake or change” rule. There are many circumstances where change is desirable, but impossible, due to the -rule. H. Goldman, Zoning Change: Flexibility v. Stability, 26 Md. L. Rev. 48, 51 (1966). It is also said that the Maryland rule has led its courts to become “superzoning” bodies weighing the evidence pro and con, change or mistake, and even determining whether the proof as found justified -a change of zone. Willdel Realty, Ino., 281 A.2d at 614, n. 3 (citing The Law Of Zoning And Planning, 21-41).
III. WHETHER THE BOARD OF ALDERMEN’S FAILURE TO COMPLY WITH THE NOTICE PROVISIONS OF THE ZONING ORDINANCES RENDERED ITS DECISION INVALID •
¶ 15. The objectors contend that the Board of Aldermen failed to provide the requisite notice of its intent to rezone the property from residential to commercial. Section 501.03 of the ordinances of the Town of Marion provides:
Any area for. which an application for a change in zoning classification is being considered shall be posted for at least 15 days prior to the hearing. Such posting shall be by means .of a sign or signs erected in a conspicuous location on the property using at least one,sign for every 200 feet of frontage oh each street on which the property abuts,.
According to .the objectors, only seven signs were posted along the entire two-mile expanse of Highway 45. They claim that because the requisite notice was not given, other potential objectors were unaware of the proposed zoning change. Ultimately, the objectors argue that the lack of notice prevented them from obtaining the written objection of twenty percent of affected landowners necessary to force a two-thirds vote on the amendment.
¶ 16. The Mississippi Supreme Court has recognized that, with two exceptions, it is the municipal body which is vested with final authority for determining whether its procedural requisites have been met or, if it pleáses, waiving them. Thrash v. Mayor & Comm’rs of the City of Jackson, 498 So.2d 801, 807 (Miss.1986). The first exception concerns those cases in which the municipal zoning authorities may have transgressed some important limitation or procedure imposed by state law. Id. The objectors in the present case only allege failure to comply with the zoning ordinance. The - other exception appears where the procédural deficiencies may be said to have contravened a citizen’s due process rights. Id. However, the essence of due process is “reasonable advance notice of the substance of the rezoning proposal together with the opportunity *840 to be heard at all critical stages of the process.” Id. at 808. The objectors had notice, appeared at both meetings, personally and through counsel, and were given a full opportunity to present their views. The supreme court has held whether there is compliance with procedural rules not implicating due process considerations is a matter committed to the zoning authority in its legislative capacity and not subject to review. Id.
¶ 17. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.