Furniss, Appellant, *v.* Lower Merion Township.

Argued October 7, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Desmond J. McTighe,* with him *Philip D. Weiss,* and *Duffy, McTighe & McElhone,* for appellants.

*Edmund B. Spaeth, Jr.,* with him *John E. Forsythe,* Township Solicitor, and *Wright, Spencer, Manning & Sagendorph,* for Township, appellee.

*Robert L. Trescher,* with him *Arthur H. Moss, Cassin W. Craig,* and *Montgomery, McCracken, Walker & Rhoads,* and *Wisler, Pearlstine, Talone & Gerber,* for applicant, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 12, 1963:

Neighboring property owners petitioned the Court of Common Pleas of Montgomery County to declare an ordinance invalid* because the permit for an apartment house constituted ad hoc rezoning of 40 acres, and because it constituted a flagrant violation of the applicable Township Comprehensive Plan especially in regard to the density of population as set forth in the plan. The Planning Commission made the following apt statement:

". . . a word should be said with respect to a misunderstanding which frequently arises in connection with the adoption of any comprehensive Plan for the Township. The thought has often been expressed that, once a Plan has been approved, all difficulties are eliminated. The answer to this is that no comprehensive Plan is perfect; it cannot possibly envisage all problems which will face the community in the future. To preserve the value and overall integrity of any Plan there must be a constant review of it by the governmental authorities and their established agencies, hav-

---

* The validity of this ordinance was sustained on another point in *Gladwyne Colony, Inc. v. Lower Merion Township,* 409 Pa. 441, 187 A. 2d 549.

ing regard at all times, however, to the general objectives which have been determined. A Plan cannot remain static and at the same time be realistic, because the forces of growth, economic conditions, character and distribution of population and the technique of planning are constantly in motion."

It is a matter of common sense and reality that a comprehensive plan is not like the law of the Medes and the Persians; it must be subject to reasonable change from time to time as conditions in an area or a township or a large neighborhood change. Notwithstanding the able argument of appellant, we find no error of law or clear abuse of discretion.

Order affirmed.