WILLDEL REALTY, INC., a corporation of
the State of Delaware, et al., Plain-
tiffs Below, Appellants,

v.

NEW CASTLE COUNTY, Defendant Below,
Appellee.

Supreme Court of Delaware.

Aug. 23, 1971.

Gerald Z. Berkowitz of Knecht, Greenstein & Berkowitz, Wilmington, for plaintiffs below, appellants.

Robert E. Daley, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal involves the validity of ordinances, enacted by the New Castle County Council, rezoning a certain parcel of land on Kirkwood Highway. The appeal arises from the denial by the Court of Chancery of the property owners' petition that the County Council be enjoined from changing the zoning classification. Opinion below at 270 A.2d 174.

### I.

The land involved, consisting of approximately 27 acres, was purchased in 1965 at which time it was designated R-2 (a general "holding" classification for an unde-

veloped area) under the New Castle County Zoning Code. On December 30, 1966, the Levy Court of New Castle County granted the owners' application for rezoning to C-2, a commercial roadside classification. On January 3, 1967, the Levy Court was dissolved and the government of New Castle County was reorganized under a County Council and County Executive. 9 Del.C. Ch. 11. The first ordinance introduced in the new County Council on January 9, 1967 proposed a rezoning of the 27 acres from C-2 to R-4, a multi-family residential classification. A companion "emergency" ordinance was introduced simultaneously, prohibiting the issuance of building permits for land subject to a proposed zoning change. On June 20, 1967, the County Department of Planning recommended rezoning to R-4. An application for a building permit under the C-2 zoning was filed by the owners on August 11, 1967. Three days later, the property was rezoned by ordinance of the Council from C-2 to R-4. In none of the proceedings, including the proceedings before the Chancery Court, was there any showing of mistake in the C-2 classification granted by the Levy Court or of change of conditions thereafter.

### II.

The basic question presented on this appeal is whether evidence of a change of conditions or of mistake in existing zoning is essential to the validity of a rezoning. This "change-or-mistake" rule is sometimes referred to as the Maryland rule. E. g., Wakefield v. Kraft, 202 Md. 136, 96 A.2d 27 (1953); MacDonald v. Board of County Commissioners, etc., 238 Md. 549, 210 A.2d 325 (1965); 1 Rathkopf, The Law of Zoning and Planning, 21–36, et seq., 27–15, et seq.[1]

---

1. At 1 Rathkopf, 27–16, 17, the author states:

   "The Maryland rule would appear to be a limitation upon the power of the legislative body to rezone rather than a strict rule of presumption [of validity]. It re-

quires the proponent of the change to support it by evidence of such mistake in the original zoning ordinance or of changed conditions as a condition precedent to the operation of the presumption of validity but such evidence having been given, it

The acceptability of the Maryland rule must be considered in the light of rules and concepts now established in this jurisdiction:

■ Zoning is a legislative action presumed to be valid unless clearly shown to be arbitrary and capricious because not reasonably related to the public health, safety, or welfare. The burden of rebutting such presumption, and of showing that a rezoning is thus arbitrary and capricious, is imposed upon the opponent of the rezoning. If the reasonableness of the zoning change (i. e., the reasonableness of its relationship to the public health, safety, or welfare) is "fairly debatable",[2] the judgment of the legislative body must prevail; and it thereupon becomes the duty of the courts to affirm even though there may be disagreement as to the wisdom of the change. In such situation the court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. McQuail v. Shell Oil Company, 40 Del.Ch. 396, 183 A.2d 572, 578–579 (1962); Shellburne, Inc. v. Buck, Del. Supr., 240 A.2d 757 (1968). Moreover, zoning regulations should be "progressive, not static"; they should be "sufficiently flexible to adjust to changed conditions in the interest of the public welfare." Furthermore, the standards for due process and the general protection of property owners, applicable to rezoning upon the petition of a property owner, are equally applicable to a rezoning initiated by the legislative body: judicial review is available to rectify any zoning action shown to be arbitrary and capricious because violative of the requirement of reasonable relationship to the public health, safety, or welfare. Shellburne, Inc. v. Roberts, Del. Supr., 224 A.2d 250, 253 (1966).

These established concepts foreclose application of the Maryland rule. It follows therefrom that the judicial test in this jurisdiction is whether the rezoning ordinance is arbitrary and capricious because not reasonably related to the public health, safety, or welfare. Neither change of condition nor mistake is the exclusive test of such validity; while either factor may be relevant, neither is controlling. The County Council has been vested with broad power to make zoning changes "from time to time" (9 Del.C. §§ 2611 and 1101); and there is no statutory requirement that proof of mistake or change of condition is prerequisite to the exercise of that power. The legislative power thus delegated to the County Council may not be exercised by the judiciary, directly or indirectly, by the creation of such prerequisite.[3]

■ We hold, therefore, that it is unnecessary, in order to uphold a rezoning ordinance, that there be a showing of change of condition or mistake; it is sufficient that the ordinance shall not be arbitrary and capricious in that it is reasonably related to the public health, safety, or welfare.

The result we reach here appears to be the majority rule. E.g., Fanale v. Borough of Hasbrouck Heights, 26 N.J. 320, 139 A.2d 749, 753 (1958); Furniss v. Township of Lower Merion, 412 Pa. 404, 194 A.2d 926 (1963); Oka v. Cole, Fla., 145 So.2d 233 (1962); Corsino v. Grover, 148 Conn. 299, 170 A.2d 267 (1961); Cianciarulo v. Tarro, 92 R.I. 352, 168 A.2d 719 (1961);

would appear that the presumption then attaches with its customary vigor. In the majority of states no reference is made of the necessity of such prior proof of mistake or changed conditions and in at least two states the rule is expressly disavowed."

2. For a discussion of the presumption of validity, see 1 Rathkopf, 21–27, et seq. For a discussion of "fairly debatable" as a recognized term of art, see 1 Rathkopf, 21–40, 41.

3. At. 1 Rathkopf, 21–41 (1970 Cumulative Supplement p. 327) it is said that the Maryland rule has led its courts to become "superzoning" bodies "weighing the evidence pro and con change or mistake and even determining whether the proof as found justified a change of zone."

Leutenmayer v. Mathis, Ky., 333 S.W.2d 774 (1959); McCabe v. Town of Oyster Bay, 13 A.D.2d 979, 217 N.Y.S.2d 163, app. dism. 10 N.Y.2d 1011; Miller v. Kansas City, Mo.App., 358 S.W.2d 100 (1962). *Contra:* Page v. City of Portland, 178 Or. 632, 165 P.2d 280 (1946); Wesemann v. Village of LaGrange Park, 407 Ill. 81, 94 N.E.2d 904 (1950); Lewis v. City of Jackson, Miss., 184 So.2d 384 (1966).

■ Applying to the facts of the instant case the rule we thus find controlling, we agree with the conclusion reached by the Chancellor: in the light of the unplanned, chaotic, commercial development and the generally hazardous traffic conditions prevailing along Kirkwood Highway, amply demonstrated by the record in this case, it cannot be said that the rezoning of the parcel of land here involved from C–2 commercial to R–4 residential classification is arbitrary and capricious. The property owners have failed to carry their burden of showing clearly that the rezoning is not reasonably related to the public health, safety, and welfare. Certainly, it cannot be said that the question of such reasonableness is not "fairly debatable". It follows that the rezoning ordinance must be permitted to stand.

■ We may not pass without comment, however, the troublesome fact that one duly constituted County government granted a commercial zoning classification here, only to be completely overruled by a successor County government acting on its own initiative just 10 days later. Among the basic objectives of zoning are stability and predictability of permissible land usage. As we recently stated in Leon N. Weiner & Associates, Inc. v. Carroll, Del. Supr., 276 A.2d 732, 735 (1971):

"There must be order and certainty in the law, especially with respect to real property. As has been often stated, it is almost as important that the law be settled as it is that the law be right, particularly where real property is involved.

* * *. Property holders are entitled to know, with a reasonable degree of certainty, the legal rules and regulations, the legal processes and procedures, governing them in the use of their property. To the extent reasonably possible, the rights and obligations of a property holder under the law should be clear; and the consequences of a course of action, duly adopted and followed by him under existing law, should be predictable."

In a sense, quick change of legislative mind and hasty reversal of zoning action are violative of those precepts, suggesting unreasonable instability and uncertainty in the zoning process. The point caused us considerable difficulty. However, it was concluded that the members of the newly created and elected County Council were entitled to introduce their zoning concepts and philosophy. As was noted by the Chancellor, the subject property was one of several parcels included in the initial series of rezoning ordinances enacted by the County Council at its first session in 1967. 270 A.2d at 179; see Shellburne, Inc. v. Roberts, Del.Supr., 238 A.2d 331, 334 (1967). Such flexibility and allowance for the introduction of new zoning ideas and philosophies are meritorious elements of the rule of reasonableness we here approve. We take the occasion to emphasize, however, that the rules of certainty and stability protecting owners of real property, and the rule of reasonableness here approved, may not permit such vacillating zoning action ordinarily.

III.

■ The property owners contend that the rezoning ordinance violated Levy Court Resolution 66–433, which prohibited the filing of a petition for change of a zoning classification within one year after prior rezoning proceedings. The Chancellor found this contention to be without merit. 270 A.2d at 179. We agree for the reasons there stated.

## IV.

The property owners contend that the "emergency" ordinance prohibiting the issuance of building permits, was unwarranted and improper under the circumstances. The Chancellor held this contention to be untenable. 270 A.2d at 176–177. We agree for the reasons there stated.

\* \* \*

Affirmed.