Vivien Todrin, Lee Holloway, Albert Teichmiller, James M. Barger and Eleanor Barger, his wife, Richard Berryman, Thomas A. Jenkins and Catherine Jenkins, his wife v. The Board of Supervisors of Charlestown Township. Vivien Todrin et al., Appellants.

Argued October 6, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and BLATT. Judges KRAMER and ROGERS did not participate.

584

*David C. Patten*, with him *Cadmus & Patten Associates*, for appellants.

*James E. McErlane*, with him *Lamb, Windle & McErlane*, for appellee.

OPINION BY JUDGE MENCER, December 16, 1976:

Charlestown Township, Chester County, is a rural township of great natural beauty. Some 2,000 citizens who are both justifiably proud and fiercely protective of the quality of life in their sparsely populated township reside within the boundaries of its 8,000 acres. Most of them reside in the 80 percent of the township (6,500 acres) zoned "farm residential district" which has a minimum lot area of 100,000 square feet. An effort to rezone 132.312 acres of this land to allow for the development of a townhouse condominium project is the basis for this dispute.

In February 1974, a curative amendment application was presented to the Board of Supervisors of Charlestown Township pursuant to Section 609.1 of the Pennsylvania Municipalities Planning Code (MPC).[1] The proposed amendment raised the specter of the invalidity of the township's zoning ordinance by suggesting that it had an exclusionary pur-

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10609.1.

pose.[2] To remedy this, the amendment included a well-considered proposal for a residential clustered multifamily district in which townhouse condominiums would be constructed subject to, *inter alia,* various "ecological conservation controls" designed to retain and protect the character of the area. The proposed amendment was forwarded to the Charlestown Planning Commission in accordance with Section 609.1 and Section 303 (53 P.S. §10303) of the MPC.

Thereafter, the Planning Commission introduced a counterproposal which called for the creation of a residential clustered multifamily district designed to cure the infirmities of the zoning ordinance but which contained much stricter standards than those originally proposed. The Planning Commission, in a letter dated August 24, 1974, addressed to the governing body (the Board of Supervisors), recommended affirmative action on the counterproposal but omitted any specific statement as to whether or not the counter proposal was in accordance with the intent of Charlestown Township's comprehensive plan.[3] After

---

[2] *See, e.g., Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970) (minimum lot sizes) ; *Willistown Township v. Chesterdale Farms, Inc.,* 7 Pa. Commonwealth Ct. 453, 300 A.2d 107 (1973) ; same case on appeal, *Willistown Township v. Chesterdale Farms, Inc.,* 462 Pa. 445, 341 A.2d 466 (1975) ("fair share" of needed housing types). It is not contested that the zoning ordinance was subject to attack.

[3] Section 303 of the MPC provides :

Whenever the governing body, pursuant to public notice, has adopted a comprehensive plan or any part thereof, any subsequent proposed action of the governing body shall be submitted to the planning agency for its recommendations when the proposed action relates to :

. . . .

(3) The adoption, amendment or repeal of an official map, subdivision and land development ordinance, zoning ordinance or planned residential development ordinances.

The recommendations of the planning agency *including a specific statement as to whether or not the proposed action is*

several hearings at which both the infirmity of the existing zoning ordinance was discussed and considerable opposition to any curative amendment was expressed, the governing body adopted the counterproposal. Township residents appealed the adoption of the curative amendment to the Court of Common Pleas of Chester County, asserting that the entire amendment was invalid because the Planning Commission's letter to the governing body did not state whether or not the amendment conformed to the township's comprehensive plan. The court below felt the omission was not so egregious as to defeat the amendment and dismissed the appeal. We must similarly dispose of the residents' appeal to this Court.

Briefly, Section 303 of the MPC requires that (1) subsequent to the adoption of a comprehensive plan, proposed action by the governing body be submitted to the planning agency, (2) the planning agency make recommendations in writing within thirty days of the submission, and (3) these recommendations include a specific statement as to whether or not the proposed action is in accordance with the intent of the comprehensive plan.

It is uncontested that the last requirement was not met. However, we decline to say that the omission of a planning agency must necessarily invalidate in its entirety a reasonable amendment to a zoning ordinance. It must be borne in mind that the planning commission is no more than an advisory body,[4] whose recommendations have no binding effect on the governing body. Moreover, after the 1972 amendments

---

*in accordance with the intent of the formally adopted comprehensive plan* shall be made in writing to the governing body within thirty days. (Emphasis added.)

[4] Section 105 of the MPC, 53 P.S. §10105.

to Section 303,[5] it is clear that the governing body is not even bound by the formally adopted comprehensive plan. We agree with the court below that if the planning commission's recommendations are advisory only and if the amendment need not conform with the comprehensive plan, it cannot be said that the failure of the commission to set forth in its advisory recommendations to the governing body whether or not a proposed amendment conforms or does not conform to an existing comprehensive plan is of such legal magnitude as to render the zoning amendment defective procedurally and thus invalid. We therefore hold that the noncompliance with the language in Section 303 concerning the planning agency's specific statement as to whether or not proposed action is in accordance with the intent of the formally adopted portions of the comprehensive plan did not render the adoption of the curative amendment by the Board of Supervisors void or illegal.

Order affirmed.

ORDER

AND Now, this 16th day of December, 1976, the order of the Court of Common Pleas of Chester County, dated January 1, 1976, is affirmed, and the appeal of Vivien Todrin, Lee Holloway, Albert Teichmiller,

---

[5] The amendment deleted the requirement that the governing body make a specific finding as to whether proposed action was in accordance with the spirit and intent of the comprehensive plan prior to action on the proposal. The specific finding was found to be a mandatory procedure for the governing body in *Newtown Township Zoning Appeal*, 51 Pa. D. & C. 2d 310 (1970). The replacement of a specific finding by the governing body with a specific statement by an advisory body resuscitated pre-MPC law founded on *Furniss v. Lower Merion Township*, 412 Pa. 404, 194 A.2d 926 (1963). *See generally* R. Ryan, *Pennsylvania Zoning Law and Practice* §3.2.11 (1976).

James M. Barger and Eleanor Barger, his wife, Richard Berryman, and Thomas A. Jenkins and Catherine Jenkins, his wife, is dismissed.