SPRINGWOOD DEVELOPMENT
PARTNERS, L.P.

v.

BOARD OF SUPERVISORS OF NORTH CORNWALL TOWNSHIP; Michael "Kip" Kelly; Mary Jane Smith; V. Rita Goe; Carolyn Tobias; Walter Houtz; and Francis Arnold,

Appeal of: Mary Jane Smith, V. Rita Goe, Carolyn Tobias, Walter Houtz and Francis Arnold.

Springwood Development
Partners, L.P.

v.

Board of Supervisors of North Cornwall Township; Michael "Kip" Kelly; Mary Jane Smith; V. Rita Goe; Carolyn Tobias; Walter Houtz; and Francis Arnold,

Appeal of: Board of Supervisors of North Cornwall Township and Michael "Kip" Kelly.

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 2008.

Decided Aug. 20, 2009.

Reargument En Banc Denied
Oct. 15, 2009.

J. Dwight Yoder, Lancaster, for appellants, Mary Jane Smith, V. Rita Goe, Carolyn Tobias, Walter Houtz and Francis Arnold.

Barry W. Sawtelle, Wyomissing, for appellants, Board of Supervisors of North Cornwall Township and Michael "Kip" Kelly.

Helen L. Gemmill, Harrisburg, for appellee, Springwood Development Partners, L.P.

BEFORE: LEADBETTER, President Judge, COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

North Cornwall Township and a number of individuals appeal the entry of a Preliminary Injunction and denial of Motion to Dissolve or Modify the Preliminary Injunction by the Court of Common Pleas of Lebanon County.

This case, which is one of several related cases currently pending both before common pleas and this Court,[1] results from the re-zoning of 95 acres of land in North Cornwall Township (Township) from agricultural (A) and office and institutional (O & I) to general commercial (C–2), and the effort of various landowners to reverse that action. Through ordinances passed between 2003 and October 2007, the land at issue in this case was zoned C–2.[2] The parcel owned by Springwood was previously zoned agricultural.

Appellant, Michael "Kip" Kelly, was elected as a member of the Board of Supervisors (Board) in November 2007 and took office on January 7, 2008. Kelly ran his campaign as an opponent of commercial development in North Cornwall Township and spoke out in opposition to Wal–Mart during the conditional use hearing process. Ironically, in the spring of 2006, Kelly and his architectural firm, Nest Architecture, were engaged by Springwood to provide consulting and design services. Simultaneous to his engagement with Springwood, Kelly worked with citizen groups to oppose commercial development in the Township. Consequently, Springwood filed an action against Kelly in the court of common pleas alleging a breach of duty and loyalty.

In January 2008, several landowners in the re-zoned area submitted a Petition for Zoning Map Amendment (Petition) to the Board, attempting to return the area to its previous zoning. The package submitted included a cover letter explaining their reasons for requesting re-zoning, the Petition, maps, letters from the Lebanon County Planning Commission regarding the re-zoning from A and O & I to C–2, a letter from Wayne W. Grafton, AICP[3] opining that C–2 zoning was inconsistent with the Township Comprehensive Plan, and the proposed zoning ordinance. On March 2, 2008, Springwood filed a Motion for Preliminary Injunction requesting that common pleas enjoin the Board from acting on Appellants' Petition and enjoin Kelly from participating in any action involving or affecting Springwood or the Springwood property. Following a hearing on March 7, 2008, common pleas issued the requested preliminary injunction.[4] This appeal followed.

1. The related case currently pending before this Court, 147 C.D. 2008, involves the appeal of a grant of a conditional use permit to Wal–Mart to build a supercenter on adjacent land which was also re-zoned. Cases pending before common pleas include a procedural challenge to the ordinance enactment and litigation between Springwood and Supervisor Kelly.

2. In 2003, the Board of Supervisors passed Ordinances 214 and 215 in order to re-zone the land to general commercial. In December 2006, residents of the Township filed a complaint in common pleas alleging that the ordinances were *void ab initio* due to procedural defects. The Board of Supervisors re-enacted the ordinances in July 2007 and again in October 2007. In January 2008, Judge Tylwalk ruled that the October 2007 re-enactment was proper and valid.

3. American Institute of Certified Planners

4. The preliminary injunction, in relevant part, ordered that:

 1. The Defendant Board of Supervisors is preliminarily enjoined until further Order of Court from considering or holding a hearing on the re-zoning petition.

 2. Defendant, Michael "Kip" Kelly is preliminarily enjoined until further Order of Court from participating in any action

■ Appellants first assert that common pleas erred in finding that they did not have the right or standing to request re-zoning under Section 609 of Municipalities Planning Code[5] (MPC), 53 P.S. § 10609, by petition to the Board. Common pleas determined that the MPC does not authorize Appellants to request re-zoning. In its opinion, common pleas states:

As we read the MPC, a request for rezoning may only be brought by the landowner ... the Resident Defendants did not have standing to request rezoning of property of which they are not owners. The Resident Defendants could have sought rezoning of their parcels, and the Board of Supervisors would then be called upon to consider whether such rezoning is in the best interest of the community.

Finally, although captioned as a Petition to Amend Zoning Map, we find that the Petition is a veiled attempt to attack the current zoning ordinance on substantive grounds as indicated in the cover letter submitted to the Board of Supervisors and the Petition itself. . . .

* * *

[W]e find that Resident Defendants submitted a substantive challenge to the ordinance and the Board of Supervisors is without jurisdiction to consider the substantive challenges raised by the Resident Defendants.

Opinion at 17–18 (citations omitted).

■ Appellants assert that the trial court erred in finding that the Petition was a substantive validity challenge, or curative amendment, to the Zoning Ordinance pursuant to Section 609.1[6] of the MPC, 53 P.S. § 10609.1, rather than a simple request for re-zoning pursuant to 53 P.S. § 10609. A curative amendment[7] is a challenge to the substantive validity of a zoning ordinance and requires the governing body to act as a quasi-judicial body. A validity challenge generally attacks zoning on substantive due process grounds, *i.e.,* whether an ordinance is substantially related to a legitimate interest. *See In re Realen Valley Forge Greenes Assocs.,* 576 Pa. 115, 132, 838 A.2d 718, 728 (2003) (In reviewing an ordinance to determine its validity, courts must generally employ a "substantive due process inquiry, involving a balancing of landowners' rights against the public interest sought to be protected by an exercise of the police power."). In contrast, a request for re-zoning pursuant to Section 909.1[8] of the MPC, 53 P.S. § 909.1, requires the governing body, in this case the Board, to act in its legislative capacity and determine whether the re-

involving or affecting Springwood or the Springwood property.
March 7, 2008 Order at 2.

5. Act of July 31, 1968, P.L. 805, *as amended.*

6. Section 609.1 of the MPC was added by the Act of June 1, 1977, P.L. 333

7. Section 609.1(a) of the MPC provides:

(a) A landowner who desires to challenge on substantive grounds the validity of a zoning ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an inter-

est may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in Section 916.1. The governing body shall commence a hearing thereon within 60 days of the request as provided in Section 916.1. The curative amendment and challenge shall be referred to the planning agency or agencies as provided in Section 609 and notice of the hearing thereon shall be given as provided in Section 610 and in Section 916.1.
53 P.S. § 10609.1

8. Section 909.1 of the MPC was added by the Act of December 21, 1988, P.L. 1329.

zoning is in the best interest of the community.[9]

■ Landowners must strictly comply with all procedural requirements found in Section 609.1 of the MPC, 53 P.S. § 10609.1, so that local governing bodies can distinguish between requests for re-zoning and challenges to the validity of ordinances. *Baker v. Chartiers Twp.*, 163 Pa.Cmwlth. 574, 641 A.2d 688, 690 *appeal denied*, 539 Pa. 655, 651 A.2d 542 (1994), *citing Beh v. City of Scranton*, 126 Pa. Cmwlth. 482, 560 A.2d 276 (1989). "Unless the governing body is specifically advised that the challenge procedure is being invoked, it will view an application as involving a simple request for rezoning." *Baker*, 641 A.2d at 690 *citing Board of Comm'rs. of McCandless Twp. v. Beho Dev. Co., Inc.*, 16 Pa.Cmwlth. 448, 332 A.2d 848 (1975); Robert S. Ryan, Pennsylvania Zoning Law and Practice, § 9.6.11.

In this case, Appellants did not invoke the challenge procedure. Appellants submitted a document titled Petition for Zoning Map Amendment to the Board pursuant to Section 26.1 of the Zoning Ordinance.[10] The Petition included background information and the basis for Appellants' request for re-zoning of 28 acres. The Petition detailed why Appellants' believed that the C–2 zoning was incompatible and why O & I zoning would be more appropriate. Nowhere in the document do Appellants state that they are invoking the challenge procedures of Section 609.1 of the MPC or challenging the substantive validity of the current zoning. Rather, Appellants merely state that they believe that the current zoning is a mistake because it does not comply with the comprehensive plan and that the proposed O & I zoning is more compatible with the comprehensive plan.[11] Thus, we must conclude that common pleas erred in holding that Appellants asserted a substantive validity challenge to the zoning.

■ Based on its conclusion that the Petition was a substantive validity chal-

---

9. Section 909.1 of the MPC reads in relevant part:

 * * *

 (b) The governing body or, except as to clauses (3), (4) and (5), the planning agency, if designated, shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
 (5) All petitions for amendments to land use ordinances, pursuant to the procedures set forth in Section 609. Any action on such petitions shall be deemed *legislative acts*, provided that nothing contained in this clause shall be deemed to enlarge or diminish existing law with reference to appeals to court.
 53 P.S. § 10909.1 (emphasis added).

10. Section 26.1, Enactment of Zoning Ordinance Amendment, provides in relevant part:

 The Board of Supervisors may from time to time amend, supplement, or repeal any of the regulations and provisions of this Ordinance . . .

 * * *
 C. In the case of an amendment other than that prepared by the Planning commission, the Board of Supervisors *may decline* to act pursuant to the Pennsylvania Municipalities Planning Code or in its discretion proceed to a hearing in which case the board of Supervisors shall submit each such amendment to the Planning Commission at least thirty (30) days prior to the hearing on such proposed amendment to provide the Planning Commission on opportunity to submit recommendations.
 *See* North Cornwall Township Ordinance, Section 26.1 (emphasis added).

11. Pursuant to Section 303(c) of the MPC, 53 P.S. § 10303(c), failure to conform to the requirements of a comprehensive plan does not invalidate a zoning amendment. *See Todrin v. Bd. of Supervisors*, 27 Pa.Cmwlth. 583, 367 A.2d 332, 334 (1976) (holding that the governing body is not even bound by the formally adopted comprehensive plan).

lenge, which Appellants lacked standing to bring, rather than a request for re-zoning, common pleas determined that the Board lacked jurisdiction and, thus, it had the authority to enjoin the Board. Similarly, in support of the injunction, Springwood argues that the MPC does not authorize the Appellants to petition for re-zoning because a municipal governing body possesses only those powers expressly granted by statute. *See Hydropress Environmental Services, Inc. v. Twp. of Upper Mount Bethel,* 575 Pa. 479, 836 A.2d 912 (2003). Springwood asserts that because the MPC does not expressly, nor by implication, authorize a governing body to take action on a petition seeking to change the zoning on land owned by another that Appellants' request cannot be entertained. We disagree with this analysis in a number of respects.

First, of course, since this was not a validity challenge, but merely a request that the Board repeal or otherwise amend a recent ordinance, there is no basis for the conclusion that Appellants lacked standing. It goes without saying that any citizens may petition their elected representatives to take legislative action. Moreover, Springwood's argument and much of common pleas' analysis, confuses the issue of Appellant's standing with that of the Board's jurisdiction. Section 909.1(b)(5) of the MPC states that the governing body has exclusive jurisdiction over "*all petitions* for land use ordinances, pursuant to the procedures set forth in Section 609." 53 P.S. § 10909.1(b)(5) (emphasis added). Even if Appellants lacked standing, the Board would have jurisdiction and would be the body to determine the issue of standing in the first instance. Finally, we need not address whether in-

junctive relief would lie (as opposed to a direct appeal from the Board's final action) had this been an adjudicative matter over which the Board truly lacked jurisdiction. Under the present circumstances, issuance of an injunction was clear error.

■ The Board accepted Appellants' Petition and processed it as request for re-zoning. We emphasize that the Board was not required to act upon the Petition. However, it exercised its discretion to do so. *See* 53 P.S. § 10601.[12] Section 601 of the MPC, 53 P.S. § 10601, assigns the responsibility for enacting or refusing to enact zoning ordinances to the local legislative body. The MPC specifically states that the governing body is acting in a legislative capacity when considering an amendment to land use ordinances, *i.e.* requests for re-zoning. 53 P.S. § 10909.1(b)(5). Consistent with the MPC, this Court has held that the consideration and adoption of zoning amendments is a purely legislative act within the complete discretion of the local governing body. *East Lampeter Twp. v. County of Lancaster,* 744 A.2d 359, 364 (Pa.Cmwlth. 2000); *Assoc. of Concerned Citizens of Butler Valley v. Butler Twp. Bd. of Supervisors,* 135 Pa.Cmwlth. 262, 580 A.2d 470 (1990). Courts have no power to interfere with a strictly legislative process. *East Lampeter Twp.,* 744 A.2d at 364. Accordingly, the order preliminarily enjoining the Board from considering the Petition is reversed.

■■ Appellants next assert that common pleas erred in entering a preliminary injunction barring Supervisor Kelly "from participating in any action involving or affecting Springwood or the Springwood

---

**12.** Section 601 provides in relevant part: "the governing body of each municipality, in accordance with the conditions and procedures set forth in this act, *may* enact, amend and repeal zoning ordinances to implement comprehensive plans and to accomplish any of the purposes of this act." 53 P.S. § 10601 (emphasis added).

property." Specifically, Appellants argue that the injunction was overbroad and further that an injunction should not have issued 1) because the trial court applied the stricter standard applicable to adjudicators to a matter involving Kelly's legislative role; 2) because Springwood has an adequate statutory remedy; and 3) because Supervisor Kelly was not asked to recuse himself when the petition for re-zoning was presented.

With respect to the breadth of the injunction, we agree that, literally read, the injunction could apply to any proposed ordinance that affected all citizens of the township, which necessarily would include Springwood. However, we believe that, fairly read, the injunction applies only to the matters before the Board of Supervisors at the time of the preliminary injunction hearing, i.e., the re-zoning matter and Springwood's conditional use application,[13] or any related land use matters concerning the Springwood property at issue. In addition, this was a preliminary injunction and, should any permanent relief be determined to be appropriate, it must be narrowed and clarified with respect to matters that may come before the Board in the future.

The trial court assigned three bases for barring Kelly from participating in matters involving Springwood. First, prior to his election as a supervisor, Kelly spoke against Wal–Mart's conditional use application and campaigned upon the issue of re-zoning. Second, at one of the Wal–Mart conditional use hearings, Kelly testified that he had a "pecuniary interest" in the Wal–Mart development. Finally, Springwood and Kelly are engaged in civil litigation in common pleas regarding Kelly's alleged breach of loyalty to Springwood.

 ˙ As noted above, and recognized by both common pleas and the Appellants, the Board functions in both legislative and adjudicative capacities. The standards requiring recusal for officials acting in their legislative capacities are different from those applicable to officials acting in adjudicative capacities. When functioning in a legislative role, public officials who have direct personal interest or a pecuniary interest in a matter must disqualify themselves, whereas, administrative or adjudicative tribunals must be unbiased and must avoid even the appearance of bias to be in accordance with the principles of due process. *Thornbury Twp. Bd. of Supervisors v. W.D.D., Inc.,* 119 Pa.Cmwlth. 74, 546 A.2d 744, 746 (1988) (citations omitted). *See also Christman v. Zoning Hearing Bd. of Twp. of Windsor,* 854 A.2d 629 (Pa.Cmwlth.2004) (member of local governing body, acting in performance of its quasi-judicial functions, should recuse himself where the record demonstrates bias, prejudice, capricious disbelief, or prejudgment).

Because Common pleas viewed the petition for re-zoning as a substantive validity challenge, which would implicate the Board's adjudicatory role, the wrong standard was applied to that proceeding. Since that matter was legislative in nature, Kelly's prior statements opposing the Wal–Mart development and the Springwood development did not require him to recuse himself. Simply put, legislators and legislative candidates are free to express their opinions on general or specific legislative issues, and routinely do so. Section 603 of the Second Class Township Code,[14] 53 P.S.

---

13. Springwood filed a conditional use application on January 7, 2008. Appellants here challenge the injunction only with respect to the legislative re-zoning question.

14. Act of May 1, 1933, P.L. 103, *as amended.*

§ 65603, provides that "[a] member of the board shall not be disqualified from voting on any issue before the board solely because the member has previously expressed an opinion on the issue in either an official or unofficial capacity."

Nonetheless, we believe that even as to legislative activities, the trial court had sufficient basis for finding that Kelly was required to recuse himself from matters directly involving Springwood. As Springwood points out:

Kelly sought and obtained party status in a conditional use proceeding for a Wal–Mart Supercenter and testified in that proceeding that he had a "pecuniary interest" in opposing commercial development. (R. 134a–136a, 141a, 145a). Kelly further testified that he had looked up the word "pecuniary," and that "this development is going to end up flooding out my house and decreasing my property values. So I think that's what George means by pecuniary interest, and so I have one." (R. 145a–146a).

While this pecuniary interest alone might not be sufficient to require recusal,[15] his having sought party status to oppose Wal–Mart's related conditional use application adds support to the trial court's determination. Even stronger support lies in the fact that, at the time of the preliminary injunction hearing, Supervisor Kelly was actively involved in a lawsuit brought against him by Springwood. Springwood's suit against Kelly is premised on Kelly's work with a civic group opposing commercial development of the land while at the same time under a contractual obligation to facilitate and promote the commercial development of the very same parcel. Thus, the lawsuit concerned his actions with respect to the proposed land development and zoning at issue before the Board, and we believe the combination of these factors provided apparently reasonable grounds [16] for preliminarily enjoining Supervisor Kelly from participating in matters directly affecting Springwood's development of this land.[17]

Appellants' claims of an adequate statutory remedy are predicated on Sections 909.1(a)(1) and (2), 53 P.S. §§ 10909.1(a)(1) and (2), and cases discussing the jurisdiction of a zoning hearing board to hear challenges to zoning ordinances. They assert that if the zoning petition goes forward with Supervisor Kelly's participation, Springwood can utilize these Sections to challenge any action ultimately taken, and this remedy at law precludes issuance of injunctive relief. We cannot agree. Section 909.1(a)(1), 53 P.S. § 10909.1(a)(1), deals with *substantive* challenges to the validity of an ordinance, obviously not applicable to a claim that a supervisor ought to have recused. Section 909.1(a)(2), 53

---

**15.** *See Levitt & Sons, Inc. v. Kane,* 4 Pa. Cmwlth. 375, 285 A.2d 917, 920–22 (1972) (holding that a supervisor who owns property in a zoning district that the board of supervisors is voting to re-zone does not possess a disqualifying private interest); *Caln Nether Co., L.P. v. Bd. of Supervisors of Thornbury Twp.,* 840 A.2d 484, 497 (Pa.Cmwlth.) *appeal denied,* 579 Pa. 694, 856 A.2d 835 (2004), *appeal denied,* 579 Pa. 705, 857 A.2d 680 (2004) (holding that grounds for disqualification were not established where supervisor resided in a development adjacent to parcel and expressed concern regarding the proposal's impact on property values).

**16.** *See, e.g., Roberts v. Bd. of Dirs. of Sch. Dist. of the City of Scranton,* 462 Pa. 464, 341 A.2d 475, 478 (1975); *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.,* 573 Pa. 637, 645–46, 828 A.2d 995, 1000 (2003).

**17.** We caution, however, that the circumstances must be re-evaluated as they exist at the time a final injunction is entertained. Should the litigation have resolved, the grounds relied upon by the trial court for requiring recusal would be seriously undercut.

P.S. § 10909.1(a)(2), as discussed in the cited cases, provided for challenges "to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption ...," which arguably would have encompassed such a claim. However, subsection (2) was repealed in 2008, so no longer provides the statutory remedy asserted by Appellants.

██ Finally, with respect to Appellant's claim that Springwood should have first requested Kelly's recusal before seeking an injunction, the trial court stated, "[w]hile the preferred method would have been for Plaintiff to address the Board and Kelly directly with the request for recusal, the arguments of the parties make it clear that Kelly would not have entertained the recusal request." We agree that Springwood should first have sought Supervisor Kelly's recusal before resorting to equity. Indeed, with respect to an adjudicative matter subject to direct judicial review (such as Springwood's conditional use application which is not now before us), failure to seek recusal would generally amount to a waiver of the issue. However, given that the re-zoning issue was a legislative matter not subject to direct review, we do not believe that the failure to make the request to Supervisor Kelly in the first instance deprived the trial court of authority to enter the injunction. As Common pleas noted, this litigation has made abundantly clear that Supervisor Kelly has no intention of recusing from the re-zoning question voluntarily, and we will not overturn the preliminary injunction on this ground.

Accordingly, the order of the court of common pleas is affirmed in part and reversed in part, in accordance with the foregoing opinion.

## ORDER

AND NOW, this 20th day of August, 2009, the order of the Court of Common Pleas of Lebanon County in the above captioned matter is hereby AFFIRMED IN PART and REVERSED IN PART.